**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

---

ROBERT M. BROWN and
DANA C. WHITLOW, Individually and
on Behalf of All Others Similarly Situated,

               Plaintiffs,                 **CASE NO.**

    v.                          **JURY TRIAL DEMANDED**

ABLE ACCESS TRANSPORTATION, LLC,
STEVE L. TIPTON and ANNETTE M. TIPTON,

               Defendants.

---

**COLLECTIVE AND CLASS ACTION COMPLAINT**

---

**INTRODUCTION**

1.     This is a collective and class action brought by Plaintiffs Robert M. Brown ("Brown") and Dana C. Whitlow (Whitlow"), individually, and on behalf of all other similarly situated current and former employees who worked as van drivers for Able Access Transportation, LLC, and its owners Steve C. Tipton and Annette M. Tipton.

2.     Brown and Whitlow have been employed as drivers by Able Access Transportation, LLC and its owners Steve C. Tipton and Annette M. Tipton (collectively "Able Access") within the three years preceding the filing of this complaint. During that time Able Access has maintained policies and practices that violate the Fair Labor Standards Act of 1938 ("FLSA") and Wisconsin's Wage Payment and Collection Laws ("WWPCL"). These policies and practices include failure to pay drivers for work

performed before the driver's first trip of the day, failure to pay drivers while they were on "standby," failure to pay drivers overtime rates for hours worked in excess of forty hours in a given workweek, and failure to pay drivers for all hours worked.

3.     Able Access' deliberate failure to properly compensate its drivers at the direction of owners Steve and Annette Tipton violates federal and state law under the FLSA and the WWPCL.

4.     Able Access is a paratransit service that operates under contract with companies and governmental agencies to provide non-emergency medical transportation services. Able Access uses specially adapted vehicles meant for transporting individuals with special needs and operates in southeastern Wisconsin, primarily in Milwaukee County. Able Access' customers include, but are not limited to Milwaukee County Transit Plus, Milwaukee County Department of Family Care, Milwaukee County Behavioral Health (Secure Transportation Services), Integrated Family Services, Logisticare (for Medicaid Transportation services), and Aurora Health Care Systems.

5.     Brown and Whitlow bring this action individually and on behalf of other similarly situated current and former employees of Able Access as a Collective Action pursuant to §216(b) of the Fair Labor Standards Act of 1938, as amended, ("FLSA") to obtain relief under the FLSA for unpaid minimum wages, unpaid overtime compensation, liquidated damages, interest, injunctive relief, costs, attorneys' fees, and any other relief that the Court deems appropriate.

6.     Brown and Whitlow also bring claims individually against Able Access for retaliation prohibited by § 215(a)(3) of the FLSA and seek such equitable and legal remedies that are appropriate to effectuate the purposes of  the anti-retaliation provision,

including but not limited to employment, reinstatement, promotion, injunctive relief and the payment of wages lost and an additional equal amount as liquidated damages. 29 U.S.C. § 215(b).

7.      Brown and Whitlow also bring this action individually and on behalf of other similarly situated current and former employees of Able Access as a Class Action pursuant to Fed. R. Civ. P. 23(b)(3) to obtain relief under Wisconsin's Wage Payment and Collections Laws ("WWPCL") (Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., and Wis. Admin. Code § DWD 274.01 *et seq*.) for unpaid minimum wages, unpaid overtime compensation, failure to pay wages earned, increased wages of 50% of the amount of wages due and unpaid, costs, attorneys' fees, injunctive relief and any other relief that the Court deems appropriate.

## JURISDICTION

8.      This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action is brought under the FLSA, 29 U.S.C. § 201, *et seq*.

9.      This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because those claims are so related in this action within the original jurisdiction established above in paragraph 8, that they form part of the same case or controversy under Article III of the United States Constitution.

10.     Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 (b) and (c), because a substantial part of the acts or omissions giving rise to the claims occurred in this district and the Defendants Able Access, Steve Tipton and Annette Tipton have substantial and systematic contacts in this district.

3

**PARTIES**

11.     Plaintiff Robert M. Brown is and has been at all times relevant to this complaint an adult resident of the State of Wisconsin. He resides at 5369 N. 67th St., Milwaukee, Wisconsin, 53218. He has been employed as a driver by Able Access since November 2012 and at all relevant times he was an "employee" within the meaning of all applicable statutes. Brown's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A and is incorporated into the Complaint.

12.     Plaintiff Dana C. Whitlow is and has been at all times relevant to this complaint an adult resident of the State of Wisconsin residing at 822 W. Ruby Avenue, Milwaukee, Wisconsin, 53218. He was employed as a driver by Able Access from approximately May or June of 2013 to April 2014 and at all relevant times he was an "employee" within the meaning of all applicable statutes. Whitlow's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit B and is incorporated into the Complaint.

13.     Brown and Whitlow bring this action individually and on behalf of all other similarly situated employees as authorized under the FLSA, 29 U.S.C. §216(b). This FLSA **Collective Class** is defined as:

> All persons who are or have been employed by Able Access Transportation, LLC as drivers, who were not paid time and one half of their base pay for hours worked in excess of forty hours in any one workweek, or minimum wages as a result of Able Access's failure to pay for time worked before the first trip of the day or for "standby" time within three years prior to the filing of this action.

14.     Brown and Whitlow bring this action individually and on behalf of the

Wisconsin Class pursuant to Fed. R. Civ. P. 23. This **Wisconsin Class** is defined as:

> All persons who are or have been employed by Able Access
> Transportation, LLC as drivers, who were not paid time and one
> half of their base pay for hours worked in excess of forty hours in
> any one workweek, minimum wages and/or for time worked before
> their first trip of the day, or for "standby" time within two years
> prior to the filing of this action.

15.     Defendant Able Access Transportation, LLC is a Wisconsin Corporation

with a principal place of business at 2620 W. Silver Spring Drive, Milwaukee, WI 53209.

Its registered agent for service of process is Steve Tipton, also at 2620 W. Silver Spring

Drive, Milwaukee, WI 53209. At all relevant times Able Access was an "employer"

within the meaning of all applicable statutes and an enterprise engaged in commerce as

defined by § 203(r) and (s) of the FLSA, with an annual gross volume of business of not

less than $500,000.

16.     Defendant Steve L. Tipton is an owner and president of Able Access and

oversees daily operations. He has the ability to hire and fire employees; he is involved in

and has control of employee compensation, benefits decisions and policy making; he is

involved in Able Access' day-to-day operations; he has a role in determining the driver's

rates and methods of compensation and has control over the hours of work of the drivers

and the work performed by the drivers at Able Access. At all relevant times Steve L.

Tipton was an "employer" within the meaning of all applicable statutes.

17.     Defendant Steve L. Tipton is an adult resident of the State of Wisconsin

who resides at 7045 N. 45th Street, Milwaukee, Wisconsin, 53223.

18.     Defendant Annette Tipton is an owner and vice-president of Able Access.

She has the ability to hire and fire employees; she is involved in and has control of

5

employee compensation, benefits decisions and policy making; she is involved in Able

Access' day-to-day operations; she has a role in determining the driver's rates and

methods of compensation. At all relevant times Annette M. Tipton was an "employer"

within the meaning of all applicable statutes.

19.     Defendant Annette M. Tipton is an adult resident of the State of

Wisconsin who resides at 7045 N. 45th Street, Milwaukee, Wisconsin, 53223.

20.     Defendants Able Access, Steven Tipton and Annette Tipton are joint

employers and are collectively referred to as "Able Access" hereinafter.

## STATEMENT OF FACTS

21.     Brown, Whitlow and the Collective Class work or have worked for Able

Access as drivers within the three years preceding the filing of this complaint ("FLSA

Collective Period").

22.     Brown, Whitlow and the Wisconsin Class work or have worked for Able

Access as drivers within the two years preceding the filing of this complaint ("Wisconsin

Class Period").

23.     Able Access provides non-emergency medical transportation services for

individuals with special needs and operates in southeastern Wisconsin, primarily in

Milwaukee County.

24.     Able Access requires its drivers to complete specialized training such as

passenger assistance techniques, disability awareness, wheelchair securement, standard

first aid, CPR and AED (Automated External Defibrillator) certification.

25.     Able Access owns and maintains modified vehicles that are adapted to transport passengers with disabilities and include features such as wheel chair tie-downs and lifts.

26.     Able Access does not have taxi permits or taxi permit numbers for its vehicles that are driven by Brown, Whitlow, the Collective Class and the Wisconsin Class.

27.     Able Access' vehicles do not have rooftop lights similar to taxicabs that signal availability, do not display the word "taxi" on the vehicle, do not have taxi meters and do not advertise themselves as "taxi" services in the phonebook.

28.     Able Access requires that its drivers obtain a public passenger vehicle driver's license in which they classify their vehicle type as Class "H," for Handicap-Elderly Liveries, not Class "T" which is for Taxicabs, Zone or Meter fare vehicles.

29.     Able Access requires that their drivers wear company-issued mandatory uniforms, and requires that drivers wear company-issued ID badges and it requires that their Class "H" Public Passenger Licenses remain in a visible location on their person.

30.     Able Access' drivers may only pick up passengers that are pre-screened and assigned through the company's dispatch, may not independently seek out fares and have no discretion over their time and assignments.

31.     Able Access owns and maintains its vehicles and pays for gas and repairs.

32.     Brown, Whitlow, the Collective Class and Wisconsin Class have been employed as drivers by Able Access within the FLSA Collective Period and the Wisconsin Class Period.

33.     As employees of Able Access, Brown, Whitlow, the Collective Class and the Wisconsin Class are or were dispatched by Able Access to pick up and transport customers.

## **Pre-Trip Work**

34.     Brown, Whitlow, the Collective Class and Wisconsin Class were required to report or continue to report to work at the Able Access location in Milwaukee approximately fifteen minutes before their first trip in order to perform work directly related to their primary job duties.

35.      During this unpaid pre-trip time, drivers must retrieve keys for the vans they will drive, receive smartphones to communicate with dispatch, receive their trip manifest for the day, visually inspect the van, and prepare to depart.

36.     Able Access was aware that Brown, Whitlow, the Collective Class and Wisconsin Class worked or work before their first trips of the day because the drivers have or had to obtain keys, phones and trip manifests from Able Access in order to perform their primary task of driving.

37.      Brown, Whitlow, the Collective Class and Wisconsin Class were not compensated by Able Access for this pre-trip work during the FLSA Collective Period and the Wisconsin Class Period.

## **"Standby" Status**

38.     Brown, Whitlow, the Collective Class and Wisconsin Class are or were required to work on "standby" between their scheduled morning and afternoon trips during the FLSA Collective Period and the Wisconsin Class Period.

39.     While on "standby," Brown, Whitlow, the Collective Class and Wisconsin Class are or were required to remain in uniform, keep their work van, be instantly available to answer their phones, and be instantly available to pick up customers.

40.     During the FLSA Collective Period and the Wisconsin Class Period, the "standby" time is or was so frequently interrupted by calls requiring immediate response that Brown, Whitlow, the Collective Class and Wisconsin Class were unable to engage in meaningful activities other than waiting for and responding to calls.

41.     During the FLSA Collective Period and the Wisconsin Class Period, at times the drivers were so busy during "standby" that they found it difficult to even take bathroom breaks.

42.      This "standby" time is compensable because the drivers are or were unable to effectively use the time for their own purposes, and the time belongs or belonged to and is or was controlled by Able Access. The time spent waiting on "standby" is and was an integral part of the job, thus the drivers are/were "engaged to wait."

43.     Brown, Whitlow, the Collective Class and Wisconsin Class are and were not compensated for "standby" time during the FLSA Collective Period and the Wisconsin Class Period.

### Overtime Violations

44.     Able Access defined the workweek as a seven day period extending from Sunday to Saturday.

9

45.     Brown, Whitlow, the Collective Class and Wisconsin Class have worked in excess of forty hours in numerous workweeks during the FLSA Collective Period and the Wisconsin Class Period.

46.     Brown, Whitlow, the Collective Class and Wisconsin Class were improperly treated as salaried workers for the purposes of denying overtime payments, but did not receive the benefit of a guaranteed base salary.

47.     During the FLSA Collective Period and the Wisconsin Class Period, Able Access did not compensate their drivers at a rate of one and one half times their respective regular rates of pay for hours worked in excess of forty hours within a given workweek until after they were contacted by counsel for Brown and Whitlow on April 1, 2014.

48.     During the FLSA Collective Period and the Wisconsin Class Period, Able Access did not compensate their drivers for their base wages for hours worked in excess of forty hours within a given workweek until after they were contacted by counsel for Brown and Whitlow on April 1, 2014.

49.     Able Access' conduct, as set forth in this complaint, was willful and in bad faith, and has caused financial damage to Brown, Whitlow, the Collective Class and the Wisconsin Class.

50.     Steve Tipton created and maintained policies and practices of not paying drivers for time worked before the first trip, time spent on "standby" and time plus one half for hours worked over forty hours in any one workweek as alleged in this complaint.

51.     Annette Tipton created and maintained policies and practices of not paying  drivers for time worked before the first trip, time spent on "standby" and time

plus one half for hours worked over forty hours in any one workweek as alleged in this complaint.

**Retaliation**

52.     After Brown and Whitlow sent a written letter from their attorneys to Able Access to assert their rights regarding the company's failure to pay all wages owed, their hours were cut significantly in retaliation.

53.     After Brown and Whitlow sent a written letter from their attorneys to Able Access to assert their rights regarding the company's failure to pay all wages owed, Brown, who did not have a car, had his hours cut and was singled out in retaliation as the only driver who had to return the work van during "standby."

54.     After Brown and Whitlow sent a written letter by counsel to Able Access to assert their rights regarding the company's failure to pay all wages owed, Steve Tipton threatened and constructively fired Whitlow, stating that "if he had to pay a lawsuit, he was going to kill a motherfucker."

**FLSA COLLECTIVE ACTION ALLEGATIONS**

55.     Brown, Whitlow and the Collective Class bring this collective action under the FLSA, 29 U.S.C. §216(b), challenging Able Access' practices of failing to pay the prevailing minimum wage for all hours worked and of failing to compensate employees for all hours worked over forty in a given workweek during the Collective Class Period.

56.     Brown, Whitlow and  the Collective Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Able Access' decisions, policies, plans and programs, practices, procedures,

protocols, routines and rules of willfully failing and refusing to compensate them for each hour worked, including overtime compensation. The core claims stated in this Complaint are the same as the Collective Class claims.

57.     Brown and Whitlow's basic job duties were or are similar to those of the Collective Class and the Collective Class members were or are all paid in a similar manner under the same policy, plans, practices and procedures as and Brown and Whitlow.

58.     Able Access violated § 206 the FLSA by not paying the prevailing minimum wage for all hours worked.

59.      Able Access violated § 207 of the FLSA by not paying overtime at a rate of one and one half times their regular rate of pay for all hours worked over forty in a given workweek.

60.     Able Access' violations of the aforementioned statutes were willful, repeated, knowing, intentional, without a good faith basis and significantly financially damaged Brown, Whitlow and the Collective Class.

61.     Accordingly, Able Access is liable to Brown, Whitlow and the Collective Class for the full amount of their unpaid minimum wages and overtime, plus an additional equal amount as liquidated damages, plus costs and attorney's fees.

62.     The FLSA § 216(b) Collective Class is readily ascertainable. For purposes of notice and all other litigation purposes, their names, addresses and phone numbers are readily available from Able Access. Notice can be provided to the Collective Class members enclosed with paychecks or via first class mail to the last address known to

Able Access and through posting at Able Access' facility where postings are normally made.

## RULE 23 CLASS ACTION WWPCL ALLEGATIONS

63.     Brown and Whitlow bring their WWPCL claims as a class action under Fed. R. Civ. P. 23(b)(3) individually and on behalf of the Wisconsin Class for violations of Wisconsin law and regulations occurring during the Wisconsin Class Period.

64.     The proposed Wisconsin Class is so numerous that joinder of all members is impracticable. While the precise number of members is unknown, upon information and belief there are approximately forty similarly situated persons who are or were employed by Able Access during the Wisconsin Class Period.

65.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members, including without limitation the following:

> a) Whether Able Access violated Wisconsin Law by failing to pay Brown, Whitlow and the Wisconsin Class for hours worked before the first trip of the day during the Wisconsin Class Period.

> b) Whether Able Access violated Wisconsin Law by failing to pay Brown, Whitlow and the Wisconsin Class for working "standby" hours during the Wisconsin Class Period.

> c) Whether Able Access violated Wisconsin Law by failing to pay Brown, Whitlow and the Wisconsin Class overtime premium compensation for hours worked in excess of forty in a given workweek during the Wisconsin Class Period violated Wisconsin Law.

> d) Whether Able Access violated Wisconsin Law by failing to pay Brown, Whitlow and the Wisconsin Class wages within 31 days of being earned during the Wisconsin Class Period.

> e) The nature and extent of the injury and the measure of damages for the injury.

13

66.     Brown and Whitlow's claims are typical of those claims that could be alleged by any member of the class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Class in separate actions. Able Access benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Class and Brown, Whitlow and the other members of the Wisconsin Class sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

67.     Brown and Whitlow and their counsel are able to fairly and adequately protect the interests of the Wisconsin Class and have no interests antagonistic to the Wisconsin Class.

68.     The common questions of fact and law set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the claims. This is particularly true in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits against corporate defendants and where individual plaintiffs' claims may be relatively small. The disposition of their claims as a class will benefit the parties and the Court

69.     Able Access violated WWPCL and related regulations by not paying the prevailing minimum wage, not properly paying overtime premiums, and not paying agreed upon wages within 31 days from which they were earned. As a result of Able Access' practices, Able Access is liable to Brown, Whitlow and the Wisconsin Class for

the full amount of their unpaid wages, overtime wages, liquidated damages costs and attorney's fees.

70.    The basic job duties of the Wisconsin Class were or are the same or substantially similar to those of Brown and Whitlow, and the Wisconsin Class is or was subject to the same unlawful policies, practices and procedures as Brown and Whitlow.

71.    Able Access has sole control over the identifying information of members of the Wisconsin Class and should provide a list of all persons employed by Able Access as drivers during the Wisconsin Class Period along with their last known addresses, telephone numbers, and email addresses.

## Violations of the Fair Labor Standards Act of 1938

72.    At all relevant times, Brown, Whitlow and the Collective Class have been entitled to  the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

73.    Able Access is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1) and at all relevant times Able Access, Steve Tipton and Annette Tipton have been employers within the meaning of 29 U.S.C. § 203(d).

74.    At all relevant times Brown, Whitlow and the Collective Class are or have been employees within the meaning of 29 U.S.C. § 203(e).

75.    At all relevant times, Able Access has or continues to have common policies, programs, practices, procedures, protocols, routines and rules of willfully failing to properly pay Brown, Whitlow and the Collective Class minimum wage and overtime compensation for hours worked in excess of forty in a given workweek.

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF

### (Failure to Pay Minimum Wages in Violation of 29 U.S.C. § 206)

76.     Brown, and Whitlow, individually and on behalf of the Wisconsin Class, reassert and incorporate by reference all preceding paragraphs as if restated herein.

77.     Able Access' policy and practice of not paying drivers for pre-shift work violated of § 206 of the FLSA.

78.     The FLSA requires covered employers, such as Able Access, to pay all non-exempt employees, such as Brown, Whitlow and the Collective Class, the prevailing minimum wage for all hours worked.

79.     The pre-shift work outlined in paragraphs 34-37 above constitutes compensable hours worked—even if Able Access did not require early arrival—because Able Access "suffered or permitted" Brown, Whitlow and the Collective Class to do so. 29 C.F.R. § 785.11.

80.     Able Access took no steps to prevent its drivers from performing pre-driving work; instead it required the work or simply accepted the benefits of unscheduled work without compensating its drivers.

81.     Able Access knew Brown, Whitlow and the Collective Class worked before their first trip of the day because the drivers had to obtain keys, phones and schedules from Able Access, and had to visually inspect the vans in order to perform their primary driving duties.

16

82.     Able Access knew Brown, Whitlow and the Collective Class worked before their first trip of the day because Steve Tipton told the drivers that they were required to be on-site at least 15 minutes before their first pick-up.

83.     Able Access failed to pay the prevailing minimum wage during certain workweeks by failing to pay Brown, Whitlow and the Collective Class for compensable hours worked before the first trip of the day.

84.     Able Access' policy and practice of not paying drivers for "standby" time also resulted in violations of § 206 of the FLSA.

85.     "Waiting time" is compensable when the employee is unable to effectively use the time for themselves and/or is unsure when or how long the waiting period will be and is thus "engaged to wait." 29 C.F.R. §§ 785.14-16.

86.     Able Access failed to pay the prevailing minimum wage during certain workweeks by failing to account for and pay Brown, Whitlow and the Collective Class for compensable hours worked while waiting on "standby" as outlined in paragraphs 38-43 above.

87.     The foregoing actions constitute knowing and willful violations of the FLSA by Able Access.

88.      Brown, Whitlow and the Collective Class suffered damages including unpaid wages as a result of these violations.

89.     As a result of Able Access' willful violations, Brown, Whitlow and the Collective Class are entitled to recover the total amount of their unpaid minimum wages, an additional equal amount in liquidated damages and reimbursement of reasonable attorneys' fees and costs under 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 207)

90.     Brown, and Whitlow, individually and on behalf of the Wisconsin Class, reassert and incorporate by reference all preceding paragraphs as if restated herein.

91.     Able Access' policies and practices regarding nonpayment of overtime pay violate the FLSA which requires covered employers such as Able Access to pay non-exempt employees, such as Brown, Whitlow and the Collective Class an overtime rate of one and a half times their regular rate for all hours worked in a workweek in excess of forty hours. 29 U.S.C. §207(a).

92.     During the FLSA Class Period, Able Access knew that Brown, Whitlow and the Collective Class worked over forty hours during numerous workweeks but did not pay an overtime premium and  intentionally undercounted hours to avoid paying overtime rates as outlined in paragraphs 44-51 above.

93.     As a result, Able Access violated the FLSA by failing to pay Brown, Whitlow and the Collective Class overtime premiums for those hours worked in excess of forty in a given workweek.

94.     Able Access' conduct constitutes knowing and willful violations of the FLSA and Brown, Whitlow and the Collective Class suffered damages including unpaid overtime premiums.

95.     As a result of Able Access' willful violations, Brown, Whitlow and the Collective Class are entitled to recover the total amount of their unpaid overtime compensation, an additional equal amount in liquidated damages and reimbursement of reasonable costs and attorneys' fees under 29 U.S.C. § 216(b).

## Retaliation against Brown and Whitlow

## THIRD CLAIM FOR RELIEF

## (Engaging in Retaliation Prohibited by 29 U.S.C. §215(a)(3))

96.     Brown, and Whitlow, individually and on behalf of the Wisconsin Class, reassert and incorporate by reference all preceding paragraphs as if restated herein.

97.     Able Access retaliated against both Brown and Whitlow after they complained of underpayment of wages in a written letter by their counsel by significantly reducing their hours, singling out Brown by restricting his access to company vans during standby, and by verbally threatening and constructively discharging Whitlow as outlined in paragraphs 51-53 above in violation of § 215(a) of FLSA.

98.     Brown and Whitlow seek the remedies provided by § 216(b) which provides such legal or equitable relief as may be appropriate including, without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

## Violations of Wisconsin Law - Unpaid Wages and Unpaid Overtime Wages

99.     At all relevant times, Able Access, Brown, Whitlow and the Wisconsin Class have been or are covered by Wis. Stat. §109.07 *et seq*., Wis. Stat. § 103.011 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Admin. Code § DWD 272.01 *et seq*., and Wis. Admin. Code § DWD 272.01 *et seq*.

100.    At all relevant times, Brown, Whitlow and the Wisconsin Class were employees within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. § 103.001(5) and Wis. Stat. § 104.01(2)(a).

19

101.    At all relevant times, Able Access, Steve Tipton and Annette Tipton were employers within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. § 103.001(6), Wis. Stats § 104.01(3)(a) and Wis. Admin. Code. §§ DWD 272.01(5)(a).

102.    At all relevant times, Able Access has employed or continues to employ Brown, Whitlow and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 *et seq.*

103.    At all relevant times, Able Access has employed or continues to employ Brown, Whitlow and the Wisconsin Class within the meaning of Wis. Stat. § 103.001 *et seq.* and of Wis. Stat. § 104.01 *et seq.*

104.    At all relevant times, Able Access had and has common policies, programs, practices, procedures, protocols, routines and rules of willfully failing to properly pay Brown, Whitlow and the Wisconsin Class wages for all hours worked, overtime compensation for hours worked in excess of forty in a given workweek, and to pay wages earned.

**FOURTH CLAIM FOR RELIEF**

**(Failure to Pay Minimum Wage in Violation of Wis. Stat. § 109.01 *et seq.* and Wis. Admin. Code § DWD 272.12 (a) (1))**

105.    Brown, and Whitlow, individually and on behalf of the Wisconsin Class, reassert and incorporate by reference all preceding paragraphs as if restated herein.

106.    During the Wisconsin Class Period, Able Access knowingly did not pay Brown, Whitlow and the Wisconsin Class for the approximately fifteen minutes they were on site prior to their first trip of the day as outlined in paragraphs 34-37 and as a

Case 2:14-cv-01240-WED   Filed 10/03/14   Page 20 of 25   Document 1

result violated Wis. Stat. § 104.01 *et seq.*, Wis. Admin. Code § DWD 272.12 (a) and Wis. Admin. Code DWD § 272.03(1)(a)(1).

107.     Able Access knowingly did not pay Brown, Whitlow and the Wisconsin Class for time spent working on "standby" when the drivers were required to remain in uniform, in possession of the company van, available to immediately answer their phones and immediately pick up passengers for the benefit of Able Access as outlined in paragraphs 38-43 and as a result violated Wis. Stat. § 104.01 *et seq.*, Wis. Admin. Code § DWD 272.12 (a) and Wis. Admin. Code DWD § 272.03(1)(a)(1).

108.     As a result of this uncompensated time, Able Access failed to pay Brown, Whitlow and the Wisconsin Class the prevailing minimum wage during numerous workweeks.

109.     Accordingly, Brown and Whitlow, individually and on behalf of the Wisconsin Class seek damages under Wis. Stat. §§ 109.11(2)(a) in the amount of their respective unpaid compensation, increased wages of up to fifty percent of the amount of wages due and unpaid,  injunctive relief requiring Able Access to cease and desist from its violations of Wisconsin laws and costs and attorneys' fees paid by Able Access under Wisconsin Law.

## FIFTH CLAIM FOR RELIEF

### (Failure to Pay Overtime Wages in Violation of Wis. Stat. § 103.01 *et seq*. and Wis. Admin. Code § DWD 274.03)

110.     Brown and Whitlow, individually and on behalf of the Wisconsin Class, reassert and incorporate by reference all preceding paragraphs as if restated herein.

111.    Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03 require that an employer pay an employee time and one-half the regular rate of pay for all hours worked in excess of forty hours per week.

112.    Able Access knowingly did not pay overtime rates to Brown, Whitlow and the Wisconsin Class for hours worked in excess of forty in a given workweek as outlined in paragraphs 44-51 above and as a result Able Access violated Wis. Stat. § 103.02 and Wis. Admin. Code § DWD 274.03.

113.    Accordingly, Brown and Whitlow, individually and on behalf of the Wisconsin Class seek damages under Wis. Stat. §§ 109.11(2)(a) in the amount of their respective unpaid compensation, increased wages up to fifty percent of the amount of wages due and unpaid, injunctive relief requiring Able Access to cease and desist from its violations of Wisconsin law, and costs and attorneys' fees to be paid by Able Access under Wisconsin Law.

## SIXTH CLAIM FOR RELIEF

### (Failure to Pay Wages Under Wis. Stat. § 109.01 *et seq.*)

114.    Brown and Whitlow, individually and on behalf of the Wisconsin Class, reassert and incorporate by reference all preceding paragraphs as if restated herein.

115.    Able Access must pay the full amount of its employees' wages within 31 days of being earned under Wis. Stats. §§ 109.01(5), 109.03(1) and 109.01(3).

116.    During the Wisconsin Class Period, Able Access knowingly did not pay Brown, Whitlow and the Wisconsin Class for the approximately fifteen minutes they were on site prior to their first trip of the day as outlined in paragraphs 34-37 and as a result violated Wis. Stat. § 109.01 *et seq*.

22

117.    Able Access knowingly did not pay Brown, Whitlow and the Wisconsin

Class for time spent working on "standby" when the drivers were required to remain in

uniform, in possession of the company van, available to immediately answer their phones

and immediately pick up passengers for benefit of Able Access as outlined in paragraphs

38-43 and as a result violated Wis. Stat. § 109.01 *et seq*.

118.    Able Access knowingly did not pay Brown, Whitlow and the Wisconsin

Class for all wages within 31 days of being earned as outlined in paragraphs 34-50 and as a

result violated Wis. Stat. § 109.01 *et seq*.

119.    Accordingly, Brown and Whitlow, individually and on behalf of the

Wisconsin Class seek damages under Wis. Stat. §§ 109.11(2)(a) in the amount of their

respective unpaid compensation, increased wages up to fifty percent of the amount of wages

due and unpaid,  injunctive relief requiring Able Access to cease and desist from its

violations of Wisconsin laws and costs and attorney's fees to be paid by Able Access

under Wisconsin Law.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs Brown and Whitlow, individually and on behalf of all

members of the Collective Class and Wisconsin Class request the following relief:

a) At the earliest time possible, an Order designating this action as a collective
action on behalf of the Collective Class and issuance of notices pursuant to § 29
U.S.C. 216(b) to all similarly-situated individuals; and

1) Leave to add additional Plaintiffs by motion, the filing of written
consent forms or any other method approved by the Court;

2) An enhancer fee to be awarded to Brown and Whitlow as the Collective
Class representatives as set forth in this complaint.

b) At the earliest time possible, an Order certifying this action as a class action
pursuant to Fed. R. Civ. P. 23 on behalf of the proposed Wisconsin Class; and

    1) Designating Brown and Whitlow as the Named Plaintiffs and as representatives of the Wisconsin Class set forth in this complaint;

    2) Appointing the law firm of First, Albrecht & Blondis, S.C. as class counsel pursuant to Fed. R. Civ. P. 23;

    3) An enhancer fee to be awarded to Brown and Whitlow as the Named Plaintiffs and representatives of the Wisconsin Class set forth in this complaint.

c) Pursuant to 28 U.S.C. §§2201-2202, enter a declaratory judgment declaring Able Access' actions as described in this complaint as willful violations of Wisconsin Law and applicable regulations and the FLSA;

d) An Order requiring Able Access to pay damages in the amount of all unpaid wages and unpaid overtime premium wages at applicable rates owed to Brown, Whitlow, the Collective Class and the Wisconsin Class under the FLSA and Wisconsin law; including pre- and post-judgment interest;

e) Award liquidated damages and penalties as provided under the FLSA and Wisconsin Law;

f) Award costs and attorney's fees incurred prosecuting these claims; and

g) Injunctive relief requiring Able Access to cease and desist from its violations of the FLSA and Wisconsin laws detailed in this complaint;

h) With respect to Brown and Whitlow's claims for retaliation:
Such legal or equitable relief as may be appropriate to effectuate the purposes of the anti-retaliation provisions of the FLSA, including employment, reinstatement, promotion, the payment of wages lost and an additional equal amount as liquidated damages and compensatory damages;

i) Such further relief as the Court deems just and equitable.


## **DEMAND FOR JURY TRIAL**

    Plaintiffs Brown and Whitlow request a trial by jury pursuant to Fed. R. Civ.

P. 38(b).

Dated this 3rd day of October, 2014.

            **FIRST, ALBRECHT & BLONDIS, S.C.**

Attorneys for Plaintiffs
Respectfully submitted,

/s/ Thomas C. Lenz
Thomas C. Lenz SBN: 1055135
Email: tlenz@fabattroneys.com


/s/ James P. End
James P. End SBN: 1032307
Email: jend@fabattorneys.com


/s/ Aaron P. McCann
Aaron P. McCann SBN: 1086319
Email: amccann@fabattorneys.com


Broadway Theatre Center
158 North Broadway, Suite 600
Milwaukee, WI 53202
Telephone: (414) 271-1972
Facsimile: (414) 271-1511